| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.<br>    Plaintiffs, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 02-7389<br>:<br>: |
| MIDTOWN MEDICAL CENTER INC., ET AL.<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                           **October 23, 2007**

      Presently before this Court is Defendant Samuel Fishman's Post-Trial Motion for Judgment as a Matter of Law (Doc. 365). For the reasons set forth below, upon consideration of Defendant's Motion and Plaintiffs' Responses (Docs. 365 & 420), this Court will deny Defendant's request. It is further decreed that the demand for a new trial is denied.

      A jury trial of this matter commenced on January 31, 2006 and concluded on February 16, 2006. The jury returned a unanimous verdict against all Defendants on all counts as follows: Ron Nestel in the amount of $2,246,246.00; Simon Fishman in the amount of $2,246,246.00; Frank Solomon, D.C. in the amount of $1,140,950.00; Midtown Medical Center, Inc. in the amount of $356,544.00; Physicians Management Company, Inc. in the amount of $784,400.00; and Tabor Chiropractic Center, P.C. in the amount $356,544.00.

## BACKGROUND

      From the evidence of record taken in a light most favorable to the non-moving party, the pertinent facts are as follows. Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Insurance Company ("State Farm") are Illinois corporations duly

1

organized and licensed to engage in the writing of automobile insurance policies in Pennsylvania.  State Farm provides insurance coverage to its customers for, *inter alia*, medical payments, uninsured motorist benefits, underinsured motorist benefits and liability for bodily injury arising out of automobile accidents.

Generally, Plaintiffs alleged that during all relevant times, the Defendants, their agents and employees, without the knowledge and consent of State Farm, agreed and conspired together to devise and participate in a scheme to defraud State Farm by means of false and fraudulent representations.  Compl. ¶ 19.  This scheme began when Defendants Simon Fishman and Ronald Nestel established and operated the Midtown Medical Centers ("Midtown").  Thereafter, Defendants Nestel and Fishman opened the Tabor Chiropractic Center, P.C. ("Tabor") and established Physicians Management Company, Inc. ("Physicians Management").

Plaintiffs state that Fishman and Nestel owned, operated, controlled and managed Midtown and Tabor although neither was licensed or eligible to be licensed in the practice of chiropractics, physical therapy or medicine.  Thus, Nestel and Fishman allegedly engaged in the practice of medicine without a license in violation of the Medical Practice Act, the Chiropractic Practice Act, and the Business Corporation Law.

As part of the Defendants' conspiracy and scheme to defraud State Farm, the Plaintiffs claimed the following: (1) Nestel and Fishman recruited individuals who had been in accidents to obtain purported medical treatment at Midtown and/or Tabor; (2) many of the medical examinations, physical therapy and other treatments allegedly provided to these individuals at Midtown and/or Tabor were, in fact, never performed, and some concerned areas of the body not injured; (3) many of the examinations with the consulting physicians were, in fact, billed in a

manner that inaccurately described the service level for the purpose of securing a higher reimbursement from State Farm, sometimes referred to as "upcoding"; (4) payments made by State Farm were, without the knowledge or consent of State Farm, divided between Defendants and the consulting doctors under an unapproved fee arrangement; (5) Defendants hired employee chiropractors, physicians and other non-physician individuals to provide medical treatment, including diagnostic testing, which was billed as if provided by a chiropractor or physician; and (6) false and fraudulent medical reports, bills and other records were prepared by Defendants and sent to State Farm, sometimes by U.S. mail, to obtain payment on behalf of Midtown/Tabor and the other Defendants.

Between 1998 and the commencement of the action, State Farm averred that it paid out over $213,193.00 on medical payments in which bills of Midtown and Tabor were submitted, some by U.S. mail, as part of individual claimants' damages. Compl. ¶ 45. Also, between 1998 and September 2002, State Farm avers that it paid out over $630,554.00 on medical payments in which bills and records of Midtown and Tabor were submitted, some by U.S. mail, as part of individual claimants' damages. Compl. ¶ 47. The billing submitted by Defendants contains fraudulent misrepresentations intended to extract payments from State Farm. State Farm relied upon the billing in making those payments to Defendants. Plaintiffs brought this cause of action for fraud, the fraudulent corporate practice of medicine, unjust enrichment, restitution, and violations of the civil RICO statute.

## LEGAL STANDARD

In reviewing a motion for judgment as a matter of law pursuant to Federal Rule Civil Procedure 50(b) should be granted if, "viewing the evidence in the light most favorable to the

non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find liability." Coleman v. Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996). However, a mere scintilla of evidence is not enough. Walter v. Holiday Inns, Inc., 985 F.2d 1232, 1238 (3d Cir. 1993). Instead, there must be sufficient "evidence upon which the jury could properly find a verdict for that party." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993). The court must determine whether there is sufficient evidence upon which a reasonable jury could properly have reached its verdict. "The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly have found its verdict." Gomez v. Allegheny Health Services, Inc. 71 F.3d 1079, 1083 (3d Cir. 1995).

  Under Federal Rule of Civil Procedure 59, the standard for granting a new trial is if "the verdict is contrary to the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice." Sandrow v. U.S., 832 F. Supp. 918 (E.D. Pa. 1993). A new trial should only be granted "where a miscarriage of justice would result if the verdict were to stand." Olefins Trading, Inc. v. Han Yang Chemical Corp., 9 F.3d 282, 289 (3d Cir. 1993). Within limitations, the granting of a "new trial is committed to the sound discretion of the district court." Bonjorno v. Kaiser Aluminum & Chemical Corp., 752 F.2d 802, 812 (3d Cir. 1984). A new trial may be granted if the verdict is contrary to the great weight of the evidence if there are prejudicial statements made by counsel, or if the Court finds that "substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions." Roebuck v. Drexel University, 852 F.2d 715, 736 (3d Cir. 1988); Lind v. Schenley Industries, Inc., 278 F.2d 79, 90 (3d Cir. 1960); and Northeast Women's Center, Inc. v. McMonagle, 689 F.

Supp. 465, 468 (E.D. Pa. 1988).

A new trial cannot be granted, however, merely because the court would have weighed the evidence differently and reached a different verdict. Markovich v. Bell Helicopter Textron, Inc., 805 F. Supp. 1231, 1235 (E.D. Pa. 1992). Previous courts have warned that "a court must refrain from interfering with the jury's verdict unless it is clear that the jury has reached a seriously erroneous result. Farra v. Stanley-Bostitch, Inc. 838 F. Supp. 1021, 1026 (E.D. Pa. 1993).

## DISCUSSION

**A.  Proximate Cause**

Defendant Fishman argues that Plaintiffs failed to prove that his conduct was the proximate cause of their asserted damages related to third-party claims and related litigation costs. He asserts that the Court should enter judgment in favor of Defendant Fishman on all counts on the issue of third party costs and reduce judgment entered against him. When deciding a motion for judgment as a matter of law, the evidence is viewed in the light most favorable to the non-moving party and is appropriate only if no jury could decide the issue in the non-moving party's favor. Walter v. Holiday Inns, Inc., 985 F.2d 1232, 1238 (3d Cir. 1993) (citing Indian Coffee Corp. V. Procter & Gamble Co., 752 F.2d 891, 894 (3d Cir.)). If based on the trial record, no jury could have determined that Defendant Fishman was the proximate cause of Plaintiff's requested damages, then judgment as a matter of law is appropriate.

A Plaintiff asserting damages under RICO must demonstrate (1) a violation of section 1962; (2) injury to business or property; and (3) causation of the injury by the violation. Hecht v. Commerce Clearing House, Inc., 897 F.2d 21,2 3 (2d Cir. 1990)(citing O'Malley v. O'Neill,

5

887 f.2d 1557, 1561 (11th Cir. 1989)). Both parties agree that the RICO acts must be the proximate cause of Plaintiff's injury. Here, Defendant Fishman states that Plaintiffs were not the direct targets of the activities resulting in third party costs. They argue that because the fraudulent billing practices were targeted at third party claimants and their first party insurers, the RICO standard is not met. Additionally, they argue that Plaintiffs would have incurred the expenses as part of their contractual duty to defend their insureds. Am. Contract Bridge League v. State Farm Mutual Automobile Ins. Co., 752 F.2d 71, 75 (3d Cir. 1985).

If a party's act proximately causes a plaintiff's injury and the injury is reasonably foreseeable or anticipated as a natural consequence, the RICO standard is satisfied. Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 (2d Cir. 1990)(citing Bonsignore v. City of New York, 683 F.2d 635, 637 (2d Cir. 1982); RESTATEMENT (SECOND) OF TORTS §§431, 435 comment(b)(1965). The Court remains convinced that the third party expenses were a result of Defendant's actions. Thus, it is not unlikely that a jury could have concluded that Defendants could have foreseen the consequences of their actions when they engaged in conduct involving motorists, who by law are required to be insured. Even if not direct, it is reasonable that a jury could have concluded that Defendants actions were a substantial factor in the chain of causation leading to Plaintiffs' third party damages and accordingly, entered an appropriate award. For these reasons, Defendant's argument fails.

**B.  Statute of Limitations**

The statute of limitations issue placed before the jury did not, as Defendant argues, hinge upon a matter of law. Rather, the ultimate determination was one of fact, which is appropriate for the jury's consideration.

Both parties agree that fraud claims are subject to a two-year statute of limitations and that such limitations are a matter of law. 42 PA. CONS. STAT. ANN. §5524(7). However, the application of the statute of limitations turns upon the fact-based inquiry of whether or not the evidence rose to a level at which Plaintiffs discovered or should have discovered the elements of the fraud claim. As noted in the DeMartino v. Albert Einstein Medical Center, Northern Divsion opinion, "[t]he question of whether a plaintiff has exercised due diligence in discovering his own injury is usually a question for the jury." 460 A.2d 295, 304 (Pa. Super. Ct.1983). Thus, it was appropriate for the Court to submit the issue to the jury.

It is clear that a factual question was presented. Defendant's interpretation of the submitted memo is simply that, an interpretation. It was for the jury to decide if Plaintiffs knew or should have known of a cognizable claim against Defendant before September 20, 2000, which turns upon the facts. For that reason, the Defendant's argument fails.

**C. Summary Evidence**

Defendant's motion states that the testimony of James Hopkins amounted to impermissible summary testimony. Taking the facts in the light most favorable to the non-moving party, Mr. Hopkins did review the spreadsheets upon which his testimony was based. Federal Rule of Evidence 1006 permits summary testimony when the underlying documents are made available to the opposing party for review. FED.R.EVID. 1006; Trout v. Pa. R.R. Co., 300 F.2d 826, 830 (3d Cir. 1962); Pritchard v. Liggett & Myers Tobacco Co., 295 F.2d 292, 300-01 (3d Cir. 1961). If the documents were not produced for the Defendant, the appropriate course of action would have been a request for a motion to compel and based on the extensive record of

this case[1] both parties are fully aware of the available recourse for document production. Defendant's argument does not suggest that the admission of the testimony was improper because the Plaintiffs' failed to produce documentation after being compelled by the Court to do so. For these reasons, Defendant's claim is denied.

**D. Jury Verdict**

**1. Compensatory Damages and Restitution**

It is Defendant Fishman's position that the jury's award of restitution and compensatory damages constituted an impermissible double recovery. Defendant requests that the Court enter judgment as a matter of law in his favor and against Plaintiffs on the claims for restitution and unjust enrichment. Defendant also asks the Court to reduce the total judgment award by $82,762.00.

Defendant argues that restitution and damages are different ways of compensating the same wrong. Thus, per Defendant, it is inappropriate for both theories to redress the same harm. Guy Tel. & Tel. Co. V. Melbourne Int'l Comms., 329 F.3d 1241, 1249 (11th Cir. 2003). It is further asserted that because Plaintiff had a remedy available at law, equitable remedies are not appropriate.

Plaintiffs counter that because the jury considered the actions of Defendant outrageous, it was appropriate for them to enter a reasonable punitive award. As noted in their brief, the final award was only $12.77 less than the amount sought by Plaintiffs. The issue of damages has been

---

[1] The following documents all deal with motions to compel evidence by the parties in the case at hand: 32, 33, 34, 36, 37, 38, 39, 42, 47, 48, 51, 57, 59, 60, 62, 70, 71, 79-84, 87, 89-97, 103-105, 109, 121, 125, 127-28, 130, 131, 136-37, 139-41, 143-44, 146-156, 172, 181, 183, 200, 206-07, 210, 222, 228-29, 233, 243, 247, 251, 252, 468-70, 476, 481, 484-85, 488-491, 494, 496-499, 502, 504, 511, 516, 533-34, 537, 543-45, 547-48. Only documents 156 and 166 refer to Mr. Hopkins. If there were further issues, the parties were clearly aware of how to continue to file motions to compel the opposition to produce the requested evidence.

addressed quite exhaustively by this Court in addressing previous motions entered by the parties prior to trial. (Doc. 271 & 360)  Because the Court has not changed its position on its previous opinions, the Plaintiffs' reward is appropriate.  Damages under the other causes of action and damages for unjust enrichment are appropriate when originating from the same "core of operative fact."  Feaster v. Johns/Manville Corp., 568 F.Supp. 83 (E.D.Pa. 1983).

Again, judgment as a matter of law is appropriate when it is clear that no jury could find in a party's favor considering the evidence in the light most favorable to the non-moving party. Walter, 985 F.2d at 1238.  The Court is not convinced that no jury would come to the same damages conclusions in the present case when looking at the evidence in the light most favorable to State Farm.  Thus, Defendant's claim is denied.

### 2. Punitive Damages against Defendant Fishman

Defendant Fishman argues that the awarding of punitive damages against him were inappropriate because the record does not support it and because they are grossly disproportionate.  Punitive damages are measured in Pennsylvania by (1) the character of the act; (2) the nature and extent of the harm; and (3) the wealth of the defendant.  Pioneer Commercial Funding Corp. V. Am. Fin. Mortgage Corp., 797 A.2d 269, 290 (Pa.Supp. 2002)(citing Kirkbride v. Libson Contractors, Inc., 555 A.2d 800, 803 (Pa. 1989)); RESTATEMENT (SECOND) OF TORTS §908(2).  Whether or not the punitive damages against Defendant Fishman were supported by the record was a consideration appropriately left for the jury and Defendant does not point to any error or confusion that may have compromised the jury's decision.  Defendant only argues that because the punitive damages are disproportionate, he is entitled to a post-trial recourse.  The Court disagrees with this contention as well.  The record demonstrates sufficient opportunities

for the jury to consider Defendant Fishman's wealth, such as the testimony of accountant Peter Cordua, Defendant Fishman's own testimony about his disability and capacity to work, as well his ownership of used car dealerships.  Thus, the Court is satisfied that the jury had ample evidence to (1) decide the appropriateness of punitive damages against Defendant Fishman and (2) consider his wealth and the amount of appropriate punitive damages.  For these reasons, Defendant's argument fails.

### E.  Attorneys' Fees and Costs

Defendant argues that it was error for the Court to grant Plaintiffs' Motion for Attorneys' Fees and Costs because of the lack of evidence to support the amount of the award.  Plaintiffs filed their Complaint on September 20, 2002. The twelve-day jury trial of this matter concluded three and a half years later on February 16, 2006.  The civil docket in this matter consists of over 350 entries, and Defendant's offered in their Motion to Alter or Amend Jury Verdict of Defendants, Midtown Medical Center and Physicians Management Company, Inc. (Doc. 349) that defense costs were in excess of $850,000 at the close of litigation.  This Court remains persuaded that Plaintiffs' request is both reasonable and appropriate to the nature, extent, and duration of this litigation.

The Court remains satisfied that the affidavit provided by Plaintiffs (Exhibit A) demonstrated that the attorneys' billing rates are within community standards and that the legal work was reasonable and necessary.  Further, when challenging the reasonableness of attorneys' fees, the burden is upon the opposing party "to challenge by affidavit or brief, with specificity, to give fee applicants notice, the reasonableness of the requested fee."  Rode v. Dellaciprete, 892 F.2d 1177 (3d Cir. 1990).  While Defendant's motion highlights what they believe to be the

shortcomings of Plaintiff's evidence, they failed to meet their burden as the opposing party.

## **CONCLUSION**

For the foregoing reasons, this Court will deny Defendant's Post-Trial Motion for Judgment as a Matter of Law and Demand for a New Trial.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.<br>　　Plaintiffs,<br><br>　　v.<br><br>MIDTOWN MEDICAL CENTER INC., ET AL.<br>　　Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 02-7389<br>:<br>:<br>:<br>:<br>: |

## ORDER

　　**AND NOW**, this \_\_\_\_ day of October, 2007, upon consideration of Defendant Samuel Fishman's Motion for Judgment as a Matter of Law, New Trial, and/or Relief for Judgment Pursuant to Federal Rules of Civil Procedure 50(b), 59(b), 60(b)(6), and Plaintiffs' Response, **IT IS HEREBY ORDERED AND DECREED** that Defendants' Motion is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　**BY THE COURT**

　　　　　　　　　　　　　　　　　　　　　　**/s/ Petrese B. Tucker**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**Hon. Petrese B. Tucker, U.S.D.J.**